Filed 5/22/25  P. v. McKiney CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ALONSO McKINEY,<br><br>     Defendant and Appellant. | B337257<br><br>(Los Angeles County<br> Super. Ct. No. BA140260) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Affirmed.

Daniel Milchiker, under appointment by the Court of Appeal, and Alonso McKiney, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Appellant Alonso McKiney (McKiney) was convicted of assaulting a peace officer and resisting an executive officer. McKiney petitioned the trial court for recall and resentencing under Penal Code section 1170, subdivision (d)(1).[1] The trial court denied his petition. McKiney's appellate counsel filed a brief that raised no issues and asked this court to review the record pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). McKiney submitted his own supplemental brief. After reviewing the contentions and requests made in McKiney's brief, we affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1997, a jury found McKiney guilty on one count of assaulting a peace officer (§ 245, subd. (c)) and one count of resisting an executive officer (§ 69). The jury also found true an allegation that McKiney had twice before been convicted of robbery: once in 1986 and once in 1988. The trial court sentenced McKiney to a term of 25 years to life. The judgment was affirmed on appeal.

On March 7, 2024, McKiney filed a petition for recall and resentencing pursuant to section 1170, subdivision (d)(1). The petition raised various arguments related to McKiney's convictions for robbery and sought to have those convictions stricken for purposes of resentencing.

On March 8, 2024, the trial court denied McKiney's petition. McKiney timely filed a notice of appeal.

---

[1]     All future statutory references are to the Penal Code, unless otherwise stated.

2

**DISCUSSION**

I.      *Governing Law*

Section 1170, subdivision (d) was enacted to allow resentencing of defendants who were under the age of 18 at the time they committed their offenses and who had been sentenced to life without parole. (*People v. Bagsby* (2024) 106 Cal.App.5th 1040, 1048–1049.) Section 1170, subdivision (d)(1)(A) provides: "[w]hen a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing." The procedures for receiving and evaluating such a petition are set forth in section 1170, subdivisions (d)(2)-(11).

McKiney's eligibility to file a petition under section 1170, subdivision (d) presents a question of law which we review de novo. (See *People v. Walker* (2024) 16 Cal.5th 1024, 1032.)

II.     *Application*

McKiney's appointed counsel filed a brief identifying no issues and requesting an independent review of the record under *Delgadillo, supra,* 14 Cal.5th at pages 231–232. We have exercised our discretion to conduct such a review, and find no arguable issues. (See *id.* at p. 232.) McKiney is not eligible to file a petition under section 1170, subdivision (d). The record gives three possible birth dates for McKiney, the latest of which is in June 1961. Therefore, he was at least 35 years old when he committed the crime for which he is currently serving sentence. He was at least 24 years old when he committed the first of the two prior offenses found by the jury. He was not

3

under the age of 18 when he committed any offense relevant to this sentence, and therefore is not eligible to have his sentence recalled under section 1170, subdivision (d).

McKiney remains entitled to appellate consideration of the issues raised in his supplemental brief. (*Delgadillo, supra*, 14 Cal.5th at p. 232.) In that brief, McKiney argues his appointed counsel should have attached a brief related to his robbery conviction from 1986 rather than referencing *Delgadillo*, claims the Racial Justice Act (§ 745) applies to him, declares that various updated sentencing provisions also apply to him, and asserts that sentencing him based on prior convictions amounts to an ex post facto law.[2]

None of these arguments are compelling. Section 1170, subdivision (d) allows resentencing of defendants who committed their offenses when they were minors. It does not provide an all-purpose vehicle to challenge the validity of underlying convictions or sentencing statutes, nor is it a catch-all for other sentencing provisions. (Cf. *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [resentencing statutes are limited to their terms and do not create rights to a new appeal].) McKiney is not eligible to utilize section 1170, subdivision (d). Denial of his petition under that statute was proper.

//
//
//
//
//
//
//

---

[2]     Also included in McKiney's brief are requests for appointment of new counsel and a continuance of the calendar date. Those requests are denied.

## DISPOSITION

The order of the trial court is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, Acting P. J.

WE CONCUR:


COLLINS, J.


MORI, J.